## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

DIANE FREDERICK ATARI,

      Debtor.

Case No. 08-17645-RGM
(Chapter 13)

### MEMORANDUM OPINION

THIS CASE is before the court on the motion of SunTrust Bank to confirm that the automatic stay imposed by §362(a) did not arise in this case because the debtor had two bankruptcy cases pending and dismissed within the last year.  11 U.S.C. §362(c)(4)(A)(i).

### Notice

The bank filed its motion on December 11, 2008, and simultaneously filed a notice of the motion requiring any objection be filed by December 16, 2008, a period of five days.  Local Bankruptcy Rule 9013-1(H)(3)(a) requires a minimum of ten days when no hearing is set or requested.  Normally, the motion would need to be re-noticed to allow the full objection period to expire.  In this case, however, the debtor filed a response on December 16, 2008.  In light of the response it does not appear that the debtor was prejudiced by the shortened notice and there is no need to re-notice the matter.

**Discussion**

The debtor admits that she filed two cases within the previous year. She does not deny that both cases were dismissed.[1] She objects to the entry of the requested order because, she asserts, her current case was filed in good faith and she can provide adequate protection to the creditor. The collateral is a 2007 Chevrolet Corvette. The debtor also filed a separate motion requesting that the §362(a) stay be imposed.

Congress perceived that a few debtors were abusing the bankruptcy system by filing multiple cases, each of which invoked the automatic stay under §362(a). A debtor would file a case and the creditors would be stymied by the imposition of the automatic stay. The case would not be prosecuted to a conclusion but would be dismissed. After dismissal, when the creditor began to enforce its rights, the debtor would file another case. The automatic stay would again arise and the creditors would be stymied once again. The process could repeat itself. In enacting the Bankruptcy Abuse Prevention and Consumer Protection Act, Pub. L. No. 109-8, 119 Stat. 23, in 2005, Congress sought to prevent this type of abuse by modifying the provisions relating to the automatic stay. *See* 11 U.S.C. §362(c)(3) & (c)(4).

Section 362(c)(3)(A) provides that if the debtor had one case pending that was dismissed within one year prior to the filing of the second case, the automatic stay will terminate 30 days after the filing of the second case unless a party in interest requests that the automatic stay be continued in effect. The other provision, §362(c)(4)(A)(i), addresses the situation where two or more cases were pending and dismissed in the one-year period preceding the filing of the third or subsequent

---

[1] The court's records confirm that both were dismissed. The attorney representing the debtor in this case also represented her in the prior two cases.

case. In this instance, the automatic stay does not come into effect on the filing of a third or subsequent case. 11 U.S.C. §362(c)(4)(A)(i). This is different from the provision concerning debtors who have had only one case pending and dismissed within the prior one-year period. In those cases, the §362(a) stay arises automatically, but terminates at the end of 30 days if no action is taken to continue it.

In order to protect creditors from inadvertently violating the automatic stay by taking an action enforcing their rights after what they may mistakenly believe was a third petition within one year, Congress provided that the court may enter an order adjudicating that the automatic stay had not come into effect upon filing of the case.

In this case, the lender is seeking such an order. It is clear from the debtor's admissions and the court's records that the automatic stay did not come into effect. That the debtor is seeking to have the automatic stay imposed does not change this fact. The court may grant the debtor's motion to impose the §362(a) stay, but that does not preclude the creditor from seeking an order confirming that the stay did not arise upon the filing of the case. An order finding that the §362(a) stay did not arise does not prevent that status from changing as may be permitted by the Bankruptcy Code and is without prejudice to the debtor's pending motion.

### **Rule 4001(a)(3)**

The creditor requests that the order finding that the automatic stay did not arise in this case not be stayed by Fed.R.Bankr.Proc. 4001(a)(3). This Rule states:

> An order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 10 days after the entry of the order, unless the court orders otherwise.

3

The present motion is not a motion for relief from the automatic stay. It is a motion to confirm that the automatic stay did not arise in the first instance. The order will not grant "a motion for relief from an automatic stay." Rule 4001(a)(3) is inapplicable.

## Conclusion

The court will enter an order finding that the automatic stay did not come into effect upon the filing of the petition in this case.

Alexandria, Virginia
December 18, 2008

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Spencer D. Ault
Thomas P. Gorman, Trustee
Sara A. John

14822a